IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYRONE HARRIS                                                                                          PLAINTIFF

v.                                              No. 6:16-06071

CITY OF HOT SPRINGS, ARKANSAS;
and OFFICER SHANE LEWIS, in his
individual and official capacities                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants' motion for summary judgment (Doc. 10), brief in support (Doc. 11), and statement of facts (Doc. 12); Plaintiff's response (Doc. 15), response to the statement of facts (Doc. 16), and brief in support (Doc. 17); and Defendants' reply (Doc. 18). The motion for summary judgment will be granted.[1]

**I.     Analysis**

Plaintiff's complaint raises claims under 42 U.S.C. § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff also asserts various state law civil rights and tort claims. Plaintiff's federal claims against Defendant Lewis allege an unreasonable seizure premised on false arrest, false imprisonment, and excessive use of force. Plaintiff's federal claims against Defendant the City of Hot Springs allege an unconstitutional failure to train. All claims arise out of a September 21, 2012 incident during which Plaintiff was pepper sprayed while walking away from officers, fled, and was later physically taken into custody.

---

[1] Each of Plaintiffs' responsive documents to the instant motion is signed "Lucien Gillham." Only one attorney has entered an appearance for Plaintiff in this matter—Luther Sutter. While Mr. Gillham appears to be professionally associated with Mr. Sutter, Mr. Gillham has not entered his appearance and is not an attorney of record. Rule 11 typically requires the Court to strike documents that have not been signed by an attorney of record if this omission is not promptly corrected. Because judgment is being granted against Plaintiff, the matter appears to be moot, and the Court sees no need strike the responsive documents at this time.

1

The cases following *Heck v. Humphrey*[2] require the Court to grant judgment in Defendants' favor on Plaintiff's § 1983 unreasonable seizure claims premised on false arrest and false imprisonment. "*Heck* states that, in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal." *Schaffer v. Beringer*, 842 F.3d 585, 594 (8th Cir. 2016). For his September 21, 2012 conduct, Plaintiff was convicted of disorderly conduct, fleeing apprehension, and third degree assault. (Docs. 12-3, 12-5). To succeed on his § 1983 unreasonable seizure claims premised on false arrest or false imprisonment, Plaintiff must show that his state conviction was rendered invalid. *Anderson v. Franklin Cty., Mo.*, 192 F.3d 1125, 1131–32 (8th Cir. 1999) (affirming dismissal of § 1983 false arrest and false imprisonment claims where state conviction and sentence had not been rendered invalid).

*Heck* does not mandate dismissal of Plaintiff's § 1983 unreasonable seizure claims premised on an excessive use of force, however. *Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1007 (8th Cir. 2014) ("A finding that [Defendant] used excessive force would not necessarily imply the invalidity of [Plaintiff's] convictions."). On a motion for summary judgment on the § 1983 unreasonable seizure claims premised on excessive force, the Court views the evidence in a light most favorable to Plaintiff and draws all reasonable inferences in his favor. *Malone v. Hinman*, 847 F.3d 949, 952 (8th Cir. 2017). In excessive force claims, "[t]he reasonableness of a use of force turns on whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his subjective intent or motivation." *Id.* at 952–53.

A. **Officer Shane Lewis**

---

[2] 512 U.S. 477 (1994).

Having reviewed the facts in a light most favorable to Plaintiff, the Court is compelled to find that Defendant Lewis is entitled to qualified immunity from suit on Plaintiff's excessive force claims, which are premised on Defendant Lewis's use of pepper spray against Plaintiff and Defendant Lewis striking Plaintiff and putting him roughly into a patrol car. "'An official is entitled to qualified immunity unless (1) the evidence, viewed in the light most favorable to the plaintiff, establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation.'" *Id.* at 952 (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)).

The Court has no doubt that a reasonable jury could find Defendant Lewis's use of pepper spray was objectively unreasonable, and therefore was a constitutional violation. In an analogous case, the Eighth Circuit applied the *Graham*[3] factors for measuring reasonable use of force—the severity of the crime, whether the suspect poses an immediate threat to the safety of others, and whether the suspect is actively resisting or evading arrest—and determined that a jury could find an officer's use of pepper spray was objectively unreasonable:

> Here, by the undisputed facts, Robinson informed Tatum he was a police officer, told him he was under arrest, told him to put his hands on a clothes rack, warned him he would use pepper spray if he did not calm down, and then pepper sprayed him. Tatum was given an opportunity to comply. He did not, instead arguing angrily with Robinson. It was reasonable for Robinson to use *some* force. But it was not reasonable to immediately use significant force. In addition to the lack of justification from the three *Graham* factors, other facts and circumstances indicate only limited force was reasonable. Robinson was not alone—another security officer was close by, as were at least two Dillard's employees. Robinson was off-duty and in plain clothes.
>
> It was not reasonable for Robinson to immediately use pepper spray. Pepper spray can cause more than temporary pain. Robinson presents no evidence he attempted to use other force to secure compliance—no evidence he tried to grab Tatum's hands and place them on the clothes rack, for example. Instead, he proceeded to pepper spray Tatum 14 seconds after he encountered him, and necessarily fewer

---

[3] *Graham v. Connor*, 490 U.S. 386, 396 (1989).

seconds after Tatum failed to comply with his command.

*Tatum v. Robinson*, 858 F.3d 544, No. 16-1908, pp. 8–9 (8th Cir. May 30, 2017) (slip copy) (emphasis in original, citations and parentheticals omitted). On the facts as considered on summary judgment, Plaintiff was suspected of committing relatively minor crimes, was leaving the scene at another officer's direction, and Defendant Lewis deployed pepper spray against Plaintiff nearly immediately after telling Plaintiff "you're not going anywhere" and without having attempted to secure Plaintiff's compliance through a less severe use of force.

Whether a jury could find that Defendant Lewis acted objectively unreasonably is not the end of the analysis, however. Qualified immunity extends where the right in question was not clearly established at the time of the incident. Plaintiff was leaving a "heated" situation while officers wanted to search his wife's vehicle, and was told not to go anywhere. (Doc. 12-1, pp. 50:24–53:20).[4] In light of the Eighth Circuit's discussion in *Tatum* of the state of the law in 2014, and because one of the *Graham* factors is whether the suspect is fleeing or evading arrest, Plaintiff's right to be free from the use of pepper spray under these facts was not sufficiently definite in September, 2012. *See Tatum*, No. 16-1908 at 9–10 (discussing state of the law as of April 29, 2014). Defendant Lewis is therefore entitled to qualified immunity from suit on the pepper spray claims.

Defendant Lewis is also entitled to qualified immunity on Plaintiff's excessive force claims arising out of Defendant Lewis's arrest of Plaintiff. After being pepper sprayed, Plaintiff fled to the porch of his parents' business. Defendant Lewis came through the gate, took Plaintiff over to Defendant Lewis's patrol car, struck Plaintiff several times (including once in the eye), and then shoved Plaintiff into the back of the patrol car. (Doc. 12-1, pp. 57:23–61:24). Based on his

---

[4] Deposition citations are to the document's internal pagination.

conviction for assault in the third degree, Plaintiff also engaged in conduct that "purposely create[d] apprehension of imminent physical injury in another person." Ark. Code Ann. 5-13-207(a). Two of the *Graham* factors—whether Plaintiff posed an immediate threat to the safety of officers or others, and whether he was actively resisting—directly bear on the reasonableness of any force Defendant Lewis used at this point. Furthermore, "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion . . . to effect it." *Graham*, 490 U.S. at 396.

The Court need not determine whether, on these facts, a reasonable jury could find Defendant Lewis used excessive force in removing Plaintiff from the porch and putting him in the squad car because at the time of Plaintiff's arrest, it was not clearly established that striking a suspect (even in the face) who is threatening physical injury to another would violate that suspect's constitutional rights. *See Winters v. Adams*, 254 F.3d 758, 764–65 (8th Cir. 2001) (holding that a punch to a suspect's face was objectively reasonable when that suspect was himself attempting to use physical force against another); *Mayard v. Hopwood*, 105 F.3d 1226, 1227–28 (8th Cir. 1997) (holding that physically putting a resisting suspect into a squad car was objectively reasonable).

**B.    City of Hot Springs**

The City is entitled to summary judgment on the failure to train and failure to supervise claims. Section 1983 liability cannot be premised on a respondeat superior theory. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). There is no evidence that the City had a facially unlawful policy or custom. *See id.* (setting out appropriate theories of municipal liability). Nor is there any evidence that the City "had reason to believe, before the events giving rise to this case, that its training or supervision of [Defendant Lewis] was inadequate." *Id.* at 1217 (explaining that "some form of notice" is required before a municipality can be "deliberately

indifferent to the risk that its training or supervision . . . would result in 'a violation of a particular constitutional or statutory right.'" (quoting *Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 411 (1997))).

### C. State Law Claims

Because the Court is granting summary judgment on the federal claims, it declines to exercise supplemental jurisdiction over the state law claims, and those claims will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1018–19 (8th Cir. 2011).

## II. Conclusion

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 10) is GRANTED. Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED WITH PREJUDICE. Plaintiff's Arkansas state law claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of June, 2017.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE